UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA LANDIS, Personal
Representative for the Estate of Charles
Christopher Keiser, Deceased,

      Plaintiff,

v.

GREG GALARNEAU,

      Defendant.
_____/

Case No. 2:05-cv-74013

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO QUASH** (docket number 118)

Plaintiff moves to have the Court strike the notices of deposition dated January 22, 2010, to take the *de bene esse* depositions of MSP Sgt. Therese Fogarty-Cremonte in Lansing, Michigan on Thursday, January 28, 2010 and of defendant's police expert Ronald McCarthy on Friday, January 29, 2010 in San Clemente California. For the reasons stated below, the Court will deny the motion to strike the deposition of Fogarty-Cremonte, but will strike the deposition notice of McCarthy and issue a protective order requiring that any deposition of McCarthy take place in Detroit, Michigan, over the weekend of February 6 and 7, 2010.

**FACTS**

I.    Fogarty-Cremonte

In the proposed Joint Final Pretrial Order, plaintiff listed Sgt. Fogarty-Cremonte as a "may call" witness. Defendant did not specifically list Sgt. Fogarty-Cremonte as a witness, but stated that it may call "[a]ll witnesses, lay and expert, listed by Plaintiff." Proposed JFPTO at 15. Plaintiff sent a "prophylactic" subpoena to Fogarty-Cremonte "as she is

under the control of the Michigan State Police (MSP) and has been listed as a 'may call' by Plaintiff." Pl. Mo. to Strike at ¶ 3. Sgt. Fogarty-Cremonte was not an eyewitness, but wrote a report as the supervising officer of the Brighton Post, primarily consisting of her hearsay conversation with defendant Greg Galarneau and now-deceased former defendant Todd Cardoza. *Id.*

After plaintiff served Sgt. Fogarty-Cremonte with the subpoena, defense counsel contacted Fogarty-Cremonte and learned that she will be in Alabama for training from January 31, 2010 until February 12, 2010. Defendant's Resp. at 2. Defendant notified plaintiff of that fact and asked plaintiff if she intended to take Fogarty-Cremonte's deposition *de bene esse*. *Id.* Defendant did not hear back from plaintiffs counsel and then went ahead and scheduled Fogarty-Cremonte's deposition. *Id.* The notice of the deposition was sent by regular mail on Friday, January 22, 2010 and received by plaintiff's counsel on Monday, January 25, 2010 and gives plaintiff's counsel four day's notice.

II. McCarthy

Ronald McCarthy, defendant's police practices expert who lives in San Clemente, California, gave a discovery deposition in this case in Detroit Michigan on August 14, 2009. Pl. Mo. ¶ 8. On Monday, January 25, 2010, plaintiff received a notice of *de bene esse* deposition to be taken of Mr. McCarthy in San Clemente, California on Friday, January 29, 2010. *Id.* ¶ 9. Plaintiff discovered upon telephoning defense counsel that McCarthy is on standby for trial in California to begin on the same date as this trial, February 2, 2010. *Id.* ¶ 10. Defense counsel responded that McCarthy could be in Detroit, Michigan to testify on Friday, February 5, 2010, or alternatively McCarthy could give a *de bene esse* deposition in San Clemente, California, over the weekend of February 6 and 7, 2010. *Id.* ¶ 12.

2

**LEGAL STANDARD**

Issues regarding the taking and use of depositions are entrusted to the sound discretion of the district court. *Trempel v. Roadway*, 194 F.3d 708 (6th Cir. 1999); *Cardinal Fastener & Specialty Co., Inc. v. Progress Bank*, 67 Fed. Appx. 343, 346 (6th Cir. 2003). A district court abuses its discretion when it applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous finding of fact. *Cardinal Fastener*, 67 Fed. Appx. at 346.

**ANALYSIS**

The plaintiff argues that the Court should quash Fogarty-Cremonte's deposition under Fed. R. Civ. P. 26(a)(3), which requires the parties to list their witnesses "unless otherwise directed by the court ... at least 30 days before trial." Plaintiff argues that Fogarty-Cremonte was not identified as a witness at all until the Joint Final Pretrial Order. Defendant responds, correctly, that both the local rules and the case management order in this case require witnesses to be listed in the Joint Final Pretrial Order rather than the 30 days before trial, which is the default requirement in the Federal Rules. See L. R. and Amended Scheduling Order (docket number 102). Plaintiff asserts that Fed. R. Civ. P. 32(a)(5)(A) requires the exclusion of all deposition testimony when taken on short notice. The Court finds however that, contrary to plaintiff's position, Rule 32(a)(5)(A) provides that if a deposition is scheduled on short notice and a prompt motion for a protective order is filed requesting that the deposition not be taken or taken at a different time or place, *and the motion is still pending when the deposition was taken*, then the deposition may not be used against the objecting party. The rule therefore does not remove the discretion of the court to permit depositions on less than 14 days notice. Defendant argues that four days notice is adequate, the location in Lansing is not a great distance for the plaintiff to travel,

and the plaintiff listed Fogarty-Cremonte as a witness herself, and therefore can hardly claim surprise. The plaintiff argues that Fogarty-Cremonte has no personal knowledge, the plaintiff no longer intends to call Fogarty-Cremonte, and the defendant should likewise be barred from deposing her and offering her testimony at trial.

It is not clear from the papers whether the plaintiff arguing that Fogarty-Cremonte is not "unavailable." In order to admit a deposition for any purposes in trial, the Court must make findings on the record that the deponent is unavailable within the meaning of Fed. R. Civ. P. 32(a) (4). Rule 32(a)(4) provides that a deposition may be used for any purpose if the witness is unavailable, which includes a witness that is more than 100 miles from the place of hearing unless it appears that the witness' absence was procured by the party offering the deposition. Since Fogarty-Cremonte will be more than 100 miles away at the time of the trial and her travel was not arranged by the defendant, the Court finds that she is unavailable within the meaning of the rule.

The Court also finds that the noticed deposition complies in other respects with the Federal Rules of Civil Procedure and our local rules. The record shows that the plaintiff listed her as a witness in the Joint Final Pretrial Order, consistent with our local rules and the scheduling order governing this case, and the defendant likewise identified her sufficiently as a potential witness for the defense. The defendant noticed Fogarty-Cremonte's deposition promptly once he discovered that she would be unavailable. Plaintiff herself has issued a subpoena for Fogarty-Cremonte's testimony at trial, and therefore is not in a position to claim unfair surprise. The Court will therefore deny plaintiff's motion to quash the testimony of Fogarty-Cremonte

As to McCarthy, the Court agrees that it is unreasonable to expect the plaintiff to travel to San Clemente, California to depose Mr. McCarthy on the eve of trial. On the other hand,

4

there appears to be no good basis for not permitting McCarthy to be deposed in Detroit during the weekend of February 6 or 7, 2010. Again, it appears from the record that the defendant was diligent in scheduling the *de bene esse* deposition as soon as it appeared that Mr. McCarthy had an conflict that would preclude him appearing in person at the defendant's convenience. Mr. McCarthy is unquestionably unavailable within the meaning of Rule 32(a)(4) as he is outside the subpoena power of this Court. Plaintiff's argument as to the burden it would place upon her to take a testimonial deposition while her case-in-chief is taking place seems weak, since she would have to prepare to cross-examine Mr. McCarthy whether he testified in court or in a deposition. The Court does, however, note that any deposition of McCarthy would require the defendant to apply for an order of the Court permitting such a deposition because McCarthy has already been deposed in this matter. See Fed. R. Civ. P. 30(a)(2)(A)(ii). The Court is required to grant leave if the request is consistent with Rule 26(b)(2), and the request here is consistent with that rule. The Court will therefore permit the defendant to take a deposition of Mr. McCarthy, but only in Detroit, Michigan during the weekend of February 6 or 7, 2010.[1]

Wherefore, it is hereby **ORDERED** that plaintiff's motion to quash and objections to the depositions of Sgt. Therese Fogarty-Cremonte and Police Practice Expert Ronald C.

---

[1] The question remains whether the Court should permit McCarthy to testify live during the plaintiff's case-in-chief. The federal rules express an unmistakable preference for live testimony in open court over testimony taken in a deposition. See Fed. R. Civ. P. 32(a)(4)(E). On the other hand, the plaintiff may suffer prejudice if her case-in-chief is interrupted by testimony from the defense. The court finds that this issue will be best resolved if and when it comes up during the course of the trial and therefore will defer decision until that time. During the final pretrial conference, defendant asserted that he would be willing to bear the expense to bring Mr. McCarthy to Detroit for live testimony but not for a deposition. The defendant will have to decide as a matter of strategy whether or not he will proceed with the deposition under the conditions set forth in this order as the Court is not presently in a position to decide whether it will permit the defendant to present McCarthy's testimony during the plaintiff's case in chief.

McCarthy is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion to quash the deposition of Sgt. Therese Fogarty-Cremonte is **DENIED**. Plaintiff's motion to quash the deposition of Ronald C. McCarthy is **GRANTED IN PART** to the extent that McCarthy's deposition may not proceed as noticed in San Clemente, California on January 29, 2010, but may be noticed to be taken in Detroit, Michigan on either February 6, 2010 or February 7, 2010.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: January 28, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 28, 2010, by electronic and/or ordinary mail.

        Alissa Greer
        Case Manager