UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA LANDIS, Personal
Representative for the Estate of CHARLES           Case No. 2:05-cv-74013
CHRISTOPHER KEISER, Deceased,

      Plaintiff,                                       HONORABLE STEPHEN J. MURPHY, III

v.

GREG GALARNEAU,

      Defendant.

                                     /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
TROOPER GALARNEAU'S MOTION IN LIMINE** (docket no. 112) **AND
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN
LIMINE** (docket no. 113) **AND AMENDED MOTION IN LIMINE** (docket 125)

This is a civil rights trial in which plaintiff alleges that defendant Greg Galarneau, a

Michigan State Police trooper, deprived plaintiff's decedent of his constitutional right to be

free of excessive force.  The plaintiff and the defendant have each filed motions in limine

seeking to have the Court exclude certain evidence.  The Court will address these issues

in further detail on the first day of trial, or as they come up during the course of the trial, but

based on the motions in limine, the proposed joint final pretrial order, and the facts in the

record to date, the Court issues the following preliminary rulings:

I.    TROOPER GALARNEAU'S MOTION IN LIMINE

Galarneau moves the Court to excluded various categories of evidence, as well as

seeking orders on other trial issues.  The Court addresses each contention in turn.

    A.  Evidence concerning Use of Force by Livingston County Defendants

Galarneau seeks an order excluding any argument or evidence relating to the use of

force by the Livingston County deputies, the use of the Taser by Deputy Lynch, the policies

and procedures of the Sheriff's Department, the Internal Affairs investigation by the Sheriff's department, testimony from a representative of Taser International Inc. or that Galarneau supervised or had authority over the deputies, on the grounds that all this evidence is irrelevant and confusing to the jury. Galarneau argues that the only relevant facts in this case relate to Galarneau's use of force rather than the actions of any of the Sheriff deputies that have settled out of this case.

There is evidence in the record from which a jury could conclude that concerted action by Galarneau and the Livingston County deputies resulted in Keiser's death, and the Sixth Circuit has so held. Further, the question of whether Galarneau was "in charge" of the scene is a disputed fact for the jury to decide. The Court therefore denies defendant's motion to exclude all evidence related to force used by the Livingston County defendants.

B. <u>Arguments that the force used by Galarneau was "post-restraint"</u>

Galarneau seeks to preclude the plaintiffs from arguing that Galarneau used force after Keiser was restrained, on the grounds that such arguments are "simply wrong, misleading, will confuse the jury, and will force Defendant and defense counsel to defend against these false arguments." There are material factual issues as to whether Galarneau used "post-restraint" force. Defendant's motion to exclude these arguments is denied.

C. <u>Deadly Force</u>

Defendant seeks a ruling of this court that, as a matter of law, Galarneau did not use "deadly force" because he used a baton, not a gun. The defendant cites no authority for the proposition that the use of a baton or a Taser that resulted in death cannot be referred to as "deadly force" and the Court is aware of none. Defendant's motion to prevent the plaintiff from referring to "deadly force" is denied.

2

D. Plaintiff's Expert Witnesses

Defendant seeks to preclude the plaintiff from offering the testimony of "a number of expert witnesses" for whom the plaintiff has "not provided adequate information in her answers to interrogatories or has not provided a proper Rule 26 report." The defendant does not otherwise identify the expert witnesses that he claims were inadequately disclosed or identify in what way the plaintiff's disclosures were inadequate. Defendant's motion to preclude the plaintiff's expert testimony is denied.

E. Dr. Werner Spitz

Defendant argues that the opinion of plaintiff's expert Dr. Werner Spitz should be excluded because the plaintiff did not adequately answer the defendant's interrogatories or provide a proper Rule 26 report from Dr. Spitz. Aside from this general statement that the disclosures were inadequate and improper, defendant does not detail in what regard plaintiff's disclosures were inadequate or improper, and therefore the Court finds that the defendant has failed to meet his burden of showing that the opinions of Dr. Spitz should be excluded because of inadequate disclosure.

Defendant argues that Dr. Spitz's opinion that Mr. Keiser drowned is redundant to that of the Medical Examiner, who performed the official autopsy and also concluded that Mr. Keiser drowned. The Court does not find this to be a sufficient basis to exclude the testimony of plaintiff's private medical expert at trial.

Defendant also argues that Dr. Spitz's opinion that the use of the Taser exacerbated the drowning should be excluded because the use of the Taser is not relevant to the plaintiff's claims against Galarneau and because Dr. Spitz has no experience, education or training in the use of a Taser, how Tasers work, or what their effect are on a human body submerged in water. Again, based on the limited information provided to the Court, it

3

appears that Dr. Spitz is a fully qualified expert under Rule 702 of the Federal Rules of Evidence, and the Court is not persuaded that his failure to receive Taser training is sufficient basis for excluding Dr. Spitz's testimony at trial.

Defendant's motion to exclude Dr. Spitz's testimony is therefore denied.

F.   Autopsy Photographs

Defendant argues that the plaintiff intends to offer "gruesome autopsy photographs" taken while the post-mortem examination was conducted.  Defendant argues that there is no controversy as to the cause of Mr. Keiser's death and that the only reason for exhibiting these photographs is to inflame the sympathy of the jury.  The Court notes that the defendant has maintained that he is unwilling to stipulate to the cause of Mr. Keiser's death, and defendant asserts in his response to plaintiff's motion in limine that he intends to hold the plaintiff to her burden of establishing that Mr. Keiser did indeed drown and intends to vigorously cross-examine plaintiff's medical experts on the cause of Mr. Keiser's death. The Court finds therefore that the autopsy photographs are relevant and admissible and not otherwise excludable under Rule 403.  Defendant's motion to exclude the autopsy photographs is denied.

G.   Michigan State Police Official Orders

Defendant moves to exclude evidence of Michigan State Police departmental policies, arguing that they will confuse the jury because the standard to be applied to Trooper Galarneau's conduct is contained in the Fourth Amendment to the United States Constitution and cases decided pursuant to it, rather than the Michigan State Police policies.  Defendant argues that allowing the official orders to be admitted into evidence and to allow counsel to discuss them in front of the jury would likely cause the jurors to believe that a violation of the official order is a violation of the Constitution.

4

A violation of a state policy, procedure or statute is not dispositive of whether a defendant violated a plaintiff's constitutional rights. *Davis v. Scherer*, 468 U.S. 183 (1984). It is relevant, however, to the question of whether the defendant violated the Mr. Keiser's clearly established constitutional rights. *See, e.g.*, *Hope v. Pelzer*, 536 U.S. 730, 741-42 (2002) (Alabama Department of Corrections regulation requiring use of written log when prisoner tied to hitching post relevant to question of whether right not to be tied to a hitching post for seven hours was clearly established); *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 902 (6th Cir. 2004) (officer's training evidence introduced at trial demonstrated that force employed violated plaintiff's clearly established Fourth Amendment rights). Defendant has failed to cite a single case in which the trial court excluded evidence of violation of official policies in a civil rights trial of this nature and the Court is aware of none. Defendant's motion to exclude evidence of Michigan State Police official policies is therefore denied.

H. Witnesses or documents not previously identified

Defendant moves to exclude witnesses and exhibits that have not been previously identified, disclosed or produced to defendant. Defendant fails to identify the documents and witnesses to which it objects, making it impossible for the Court to evaluate the merits of this motion in limine. The Court will therefore deny defendant's motion to exclude witnesses or documents not previously identified.

I. Settlement Issues

Defendant states that a recent settlement between the plaintiff and two former defendants may also release defendant Galarneau and, if it does, the defendant will move to have this action dismissed. The defendant offers the Court no evidence that this is in fact the case. If the defendant finds evidence that the settlement agreement also releases

defendant Galarneau, he may file a motion to dismiss the claims against Galarneau at that time.  The Court will not reach this argument at this time.

Defendant also argues that he is entitled to a *pro tanto* setoff of amounts recovered by the plaintiff in the settlement between plaintiff and the former Livingston County defendants.  The Court finds this issue to be premature, as there has been no finding of liability on the part of Galarneau as of yet, and any question of setoff can be decided if and when the jury finds the defendant liable.  The Court will therefore not reach the issue of setoff at this time.

Defendant also asks that the Court order that plaintiff's counsel be prohibited from making any mention of the settlement plaintiff reached with the Livingston County defendants.  Plaintiff does not object to this order.  The Court will grant defendant's motion to exclude any mention of settlement.

Defendant Galarneau also requests that the jury be informed that Todd Cardoza died in a motor vehicle accident one year after this incident occurred, because the jury may wonder why he is not a party to this action.  The plaintiff does not object to this instruction provided the Court instructs the jury that the accident was non-duty related.  The Court will so instruct the jury.  The plaintiff also asks that the Court inform the jury that Lynch, Schuster, Baker, Cardoza and Sheriff Donald Homan were formerly members of this case and the fact that they are not part of this trial is a matter of no concern to the jury.   The Court believes this instruction is appropriate and will so instruct the jury.

J.   Officer Disciplinary History

Defendant moves to exclude evidence of prior complaints, suits, and discipline against Galarneau or the other officers involved.  Plaintiff states in response that she does not intend to raise such evidence, unless the defendant attempts to introduce evidence of good

character of Galarneau or the other officers involved.  The Court will grant defendant's motion to exclude the officers' disciplinary history from the plaintiff's case-in chief.

II.   PLAINTIFF'S MOTION IN LIMINE

The plaintiff has moved for an order in limine barring the defendant from eliciting witnesses or offering: 1) questions or statements suggesting or inferring that the Taser gun did not work during the course of events leading up to Charles Keiser's death; 2) questions or statements suggesting or inferring that Charles Keiser intended to commit suicide or inferring that Charles Keiser died as a result of medical causes other than drowning; 3) questions, statements or evidence of alleged use of illegal drugs by Charles Keiser;4) alleged violent propensities of Keiser;  5) questions or statements by defendant's expert Ron McCarthy that are beyond his areas of expertise; and 6) testimony from witnesses Anthony Klee and Larry Wilson.  The Court grants in part and denies in part plaintiff's motion in limine as follows:

A.   Questions or Statements Suggesting the Taser Gun Was Not in Working Order

Plaintiff argues that there is no evidence that the Taser gun was anything other than fully functional and working properly on the date in question, and any questioning or testimony calling this into doubt is misleading, speculative, and beyond any identified witness' area of expertise and should be excluded.  Galarneau responds that Deputy Lynch testified in his deposition that it did not appear that the Taser was having any effect on Keiser so Lynch wondered whether the Taser was working.  Lynch's testimony that it appeared to him that the Taser was not having any effect on Keiser is relevant to the objective reasonableness of defendant Galarneau's actions, and the Court will therefore deny plaintiff's motion to exclude that testimony.

B.   Questions or Statements Inferring That Keiser Intended to Commit Suicide
     or Inferring That Keiser Died as a Result of Medical Causes Other than Drowning

7

Plaintiff states that, during discovery, defense counsel and law enforcement witnesses have suggested or implied that Keiser intended to commit suicide and was engaged in a course of conduct to provoke the police into killing him.  Plaintiff argues that no admissible evidence has been learned in discovery suggesting in any way that Keiser experienced suicidal impulses or intent, and defendant has not identified any mental health professional capable of rendering an expert opinion that the symptoms of mental illness that Keiser was experiencing could cause or result in suicidal ideation.  Plaintiff points to the deposition testimony of Anthony Klee, in which Klee testified that Keiser "never said he was suicidal, I just had this feeling," but Keiser never told Klee that Keiser was suicidal and Klee knew of no suicide attempts.

Galarneau responds that this line of questioning was undertaken by Plaintiff's counsel, not defendant's counsel, during Klee's deposition and the plaintiff's questions has now "opened the door" to the testimony.  The Court is aware of no authority that states that a deposition question can "open the door" to make otherwise inadmissible testimony admissible at trial, and defendant supplies the Court with no authority for this proposition.

Galarneau also argues that whether Keiser was suicidal at or shortly before his encounter with the police is relevant to causation, because police officers present testified that Keiser appeared to have intentionally put his head under water, and this Court has ruled that the evidence presents genuine issues of material fact as to whether Keiser deliberately placed his head under water.

Preliminarily, the Court holds that any evidence that Keiser was suicidal would be relevant to the issue of causation and therefore not excludable on that basis alone.  The Klee testimony, cited above, may however be excludable as improper lay opinion. Fed. R. Evid. 701.  At the present, the Court lacks sufficient information to make this determination,

8

and therefore at this point the Court will deny plaintiff's motion to exclude any evidence of suicidal intent by Keiser.  The Court will, however, grant plaintiff's motion to the extent that the proponent of any testimony suggesting that Keiser was suicidal must first preliminarily establish personal knowledge on the part of the witness. The Court believes at this juncture that Galarneau faces a heavy burden in this regard based upon the highly uncertain testimony of Klee, cited above.

C.  Questions or Statements Suggesting or Inferring That Charles
    Keiser Died as a Result of Medical Causes Other than Drowning

Plaintiff argues that during the deposition of plaintiff's expert Werner Spitz, defense counsel engaged in questioning suggesting that Mr. Keiser may have died from positional asphyxiation or excited delirium.  Plaintiff argues that no expert witnesses have been identified who might contradict the medical cause of death as drowning and such questions directed to or elicited from any other witness would be speculative, beyond any identified witnesses area of expertise, unduly confuse the jury on the issues in the case and be unfairly prejudicial to the plaintiff.

Defendant argues that the plaintiff must prove the nature and extent of Keiser's injuries and even if both the Medical Examiner and Dr. Spitz agree that Keiser died of drowning, that should not foreclose vigorous cross-examination as to the strength of their conclusions.  The Court agrees, and therefore will deny plaintiff's motion to exclude any questions that suggest or infer that plaintiff's decedent died from anything other than drowning.

D.  Questions, statements or evidence that Keiser used illegal drugs

Lab results obtained by the Michigan State police, questioning by the Michigan State police during post-incident investigation, and the deposition testimony of Anthony Klee and Larry Wilson suggest that Charles Keiser may have used marijuana in the past.  Plaintiff

9

asserts, however, that no evidence has been produced during discovery to suggest that Keiser was under the influence of marijuana or other illegal substances at the time of his death.   Plaintiff argues that evidence that Keiser may have had a past history of using marijuana or other illegal drugs would be misleading to the jury and constitute inadmissible character evidence.   Galarneau responds that evidence of past illegal drug use is not character evidence, that numerous witnesses have testified that Keiser "smoked weed every day" and was taking Xanax, Vicodin and other drugs on a daily basis, and that the evidence is admissible because Galarneau testified during his deposition that he thought Keiser was on drugs and that is why he acted in the way he did.

Federal Evidence Rule 404 provides that "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion" and "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."   Fed. R. Evid. 404(a) and (b).     Evidence of other bad acts is admissible, however, may be admissible if relevant for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Fed. R. Evid. 404(b).   It appears to the Court that the evidence of Keiser's past drug use is excludable under 404(a) to the extent that it is offered for the purpose of proving that Keiser had the "character" of a drug user.

The defendant asserts that the evidence of Keiser's drug use is admissible to show that he was in fact under the influence of drugs during the confrontation in question.  The Court does not have enough information at this time to determine whether the evidence is in fact relevant for this purpose (i.e. is there any evidence that tends to show that Keiser was in fact intoxicated on the morning in question) or whether it should be excluded under

Evidence Rule 403 on the grounds of that its probative value is substantially outweighed by the danger of  unfair prejudice, confusion of the issues or misleading the jury.  At this time, therefore, the Court preliminarily grants plaintiff's motion to exclude evidence of drug use by Keiser.  Evidence of past drug use by Keiser appears to be irrelevant to any fact at issue in this case, and therefore the Court will exclude any evidence of drug use by Keiser that is not relevant to showing Mr. Keiser's mental state in the morning in question.  The Court will revisit this issue if the defendant established a foundation for showing any evidence of drug use that is relevant to Mr. Keiser's mental state on November 25, 2004, but has seen none at this point and cautions the defendant not waste time trying to provide irrelevant or inadmissible matters.

E.   Evidence of Charles Keiser's Alleged Violent Propensities

Plaintiff moves to exclude any evidence that Charles Keiser was a violent man or had allegedly violent propensities, arguing that any questioning or evidence of this would mislead the jury, constitute inadmissible character evidence, and be unfairly prejudicial. Defendant argues that the evidence of Keiser's violent propensities is admissible under Federal Evidence Rule 404(b) to "complete the story of what went on here by placing it in the context of Keiser's life," to show, by similar acts, that the act in question of fighting and resisting the police, was not performed inadvertently or involuntarily, and to rebut the plaintiff's argument that Keiser fought and resisted police aggression.

The Court is not persuaded that "complet[ing] the story of what went on here by placing it in the context of Keiser's life" is a sufficient reason to create an exception to the general rule of exclusion of character evidence.  As for the other justifications, they would only arise in rebuttal when and if the plaintiff attempted to prove that Keiser's fighting and resisting police was involuntary or if the plaintiff in fact attempts to argue or offer evidence

11

to prove that Keiser fought and resisted police aggression.  The Court will grant plaintiff's motion in limine to exclude evidence of Charles Keiser's violent propensities, subject to revisiting the issue during the course of trial.[1]

F.  <u>Statements by Defendant's Expert Which are Beyond His Area of Expertise</u>

Plaintiff moves to exclude any opinion by Ron McCarthy, defendant's expert witness, that "[p]ersons who are active and assaultive often feel little or no pain when they are hurting themselves" and "there is no study in existence nor any psychologist or psychiatrist who could have been successful in dealing with Charles Keiser in the state he was in when this accident took place."  McCarthy's expertise is as a police officer and criminal justice instructor.  Plaintiff argues that McCarthy does not have education, experience or other expertise regarding the medical condition of pain and its experience and effects on persons with or without mental health issues, and that such testimony would have to be provided by someone certified through the American Board of Physical Medicine & Rehabilitation, American Board of Psychiatry and Neurology, American Board of Anesthesiology and the American Board of Pain Medicine.  Plaintiff argues further that McCarthy's opinion that no professional would have been successful dealing with Keiser is improper because of McCarthy's lack of medical training and because Keiser's mental health state had not been diagnosed and therefore no lay person could state what the success rate would be in dealing with Keiser by a person with expertise in mental health.

Galarneau responds that McCarthy's first opinion, that people who are in a frenzy and fighting with police often act as if they do not feel any pain and continue fighting even after being hit by Tasers and batons, is not a medical opinion, but rather an opinion that could

---

[1]Defendant does not seek to offer the evidence under Fed. R. Evid. 404(a)(2), which by its terms applies only to criminal defendants, and the Court therefore does not express an opinion on the admissibility of the evidence under that rule.

be given by anyone who has ever been in a fight.  Galarneau also argues that McCarthy's second opinion, that no "psychologist or psychiatrist" could have been successful dealing with Keiser until Keiser was brought under control, was made in response to plaintiff's initial theory, now abandoned, that the police officers who were trying to apprehend Keiser should have recognized that Keiser was mentally ill and should have talked to him like a psychiatrist and gotten him to calm down.

The admissibility of opinion evidence is governed by Rules 701 - 705 of the Federal Rules of Evidence.  Generally speaking, witnesses are limited to testifying to matters on which they have personal knowledge.  Fed. R. Evid. 602.  Witness testimony by lay witnesses in the form of opinions is limited to those rationally based upon the perception of the witness, helpful to a clear understanding of the testimony or determination of a fact in issue, and not based upon any specialized knowledge.  Fed. R. Evid. 701.  Expert witnesses, however, may testify based upon facts or data perceived by or made known to the expert at or before the hearing, and these facts or data need not be admissible themselves as long as they are they type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject.  Fed. R. Evid. 703.   Expert testimony is permitted where scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, and a witness is qualified to testify to such by knowledge, skill, experience or training.  Fed. R. Evid. 702.

As to McCarthy's opinion that a person fighting may not feel pain, Galarneau does not assert that expert testimony is necessary to understand this point, and in fact argues that everyday experience is sufficient to understand the opinion that a person fighting police may not feel pain.  This testimony therefore is not admissible under Federal Evidence Rule 702, which requires that expert testimony be helpful in assisting the trier of fact.   As to the

second opinion at issue, concerning whether a mental health professional would be successful in dealing with Keiser, Galarneau concedes that this opinion was promulgated to rebut plaintiff's previous theory of the case, now abandoned, that the defendant officers should have recognized that Keiser was mentally ill and would have been successful dealing with him in that way.  As that theory is now apparently abandoned, McCarthy's expert testimony is not relevant to any fact in issue and therefore should be excluded.  The Court will therefore grant plaintiff's motion to exclude these opinions by McCarthy.

## ORDER

**WHEREFORE, IT IS HEREBY ORDERED** that Trooper Galarneau's Motion in Limine (docket no. 112) is **GRANTED IN PART AND DENIED IN PART** as detailed above;

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine (docket no. 113) and Amended Motion in Limine (docket no. 125) is **GRANTED IN PART AND DENIED IN PART** as detailed above.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 3, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 3, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager